(No. 4945— )

CARL PAULUS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 8, 1962.*

ROBERT J. WOODS, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; BARRY JAY FREEMAN AND LAWRENCE W. REISCH, JR., Assistant Attorneys General, for Respondent.

TOLSON, C. J.

On November 2, 1960, Carl Paulus filed a complaint seeking an award for damages to his property, caused by Francis Wasson, a patient at the Lincoln State School, Lincoln, Illinois.

Apparently claimant and the Department of Public Welfare were of the opinion that the case should be tried on the basis of the provisions of Chapter 23, Sec. 4041, 1959 Ill. Rev. Stats.

"*Claims for damages caused by escaped inmates of charitable, penal, reformatory, or other institutions.* Whenever a claim is filed with the Department of Public Welfare, or the Department of Public Safety, or the Youth Commission for damages resulting from property being stolen, heretofore or hereafter caused by an inmate, who has escaped from a charitable, penal, reformatory, or other institution over which the State of Illinois has control while he was at liberty after his escape, the Department of Public Welfare, or the Department of Public Safety, or the Youth Commission, as the case may be, shall conduct an investigation to determine the cause, nature and extent of the damages inflicted, and if it be found after investigation that the damage was caused by one who had been an inmate of such institution and had escaped, the said Departments or Commission may recommend to the Court of Claims that an award be made to the injured party, and the Court of Claims shall have the power to hear and determine such claims. 1935, June 21, Laws 1935, p. 255, Sec. 1; 1951, Aug. 2, Laws 1951, p. 1892, Sec. 1; 1953, June 30, Laws 1953, p. 631, Sec. 1."

The testimony in the case does not indicate that any property was stolen. To the contrary, the evidence discloses that many acts of vandalism were committed by

the escaped patient in and upon the property of claimant.

A review of the cases decided by this Court, involving escaped inmates point out that mere proof of an escape, followed by subsequent damages, will not sustain an award.

*Dixon Fruit Company, A Corporation, Et Al, vs. State of Illinois,* 22 C.C.R. 271.

*Charles Finch vs. State of Illinois,* 22 C.C.R. 376.

*American States Insurance Company, Et Al, vs. State of Illinois,* 23 C.C.R. 47.

*United States Fidelity and Guaranty Company, A Corporation, vs. State of Illinois,* 23 C.C.R. 188.

If claimant makes a prima facie case, and respondent offers no evidence as to the circumstance surrounding the escape, we will conclude that claimant has sustained the burden of proof. *United States Fidelity and Guaranty Company, A Corporation, vs. State of Illinois,* 23 C.C.R. 188. In the instant case, respondent offered the testimony of Robert Endres, Chief of Safety and Protection, and William Chambers, a psychologist employed by the Lincoln State School. The gist of their testimony was to the effect that the Lincoln State School is not a penal institution with walls and fences, and that the institution is so understaffed that it is impossible to afford adequate security.

The Departmental Report discloses that Francis Wasson had absented himself five times without leave during the past seven years, and that he became disturbed several times a year, during which he was prone to inflict damages on himself, as well as on property.

While this is not what might be termed a bad record, yet it does disclose a tendency on the part of the inmate to leave the grounds and cause damage at irregular intervals. We believe that, under the circumstances, the State

was negligent in not providing better security for a potential risk.

This case was heard by Commissioner George W. Presbrey, and his report in the following words and figures is hereby adopted by the Court:

## COMMISSIONER'S REPORT

"The above entitled cause was heard on March 13, 1961, in the City of Lincoln, Illinois. Robert J. Woods represented claimant, Carl Paulus, and Barry J. Freeman represented respondent, the State of Illinois.

"It was stipulated that on July 12, 1959 the State of Illinois, through the Department of Public Welfare, operated the Lincoln State School at Lincoln, Illinois, as a State institution for the mentally deficient.

"It was further stipulated that Francis Wasson entered upon the premises owned by claimant, Carl Paulus, on July 12, 1959, and caused certain damage to said premises. The facts surrounding this matter are substantially agreed to by the parties. It appears that Francis Wasson, 34 years of age, was a patient at the Lincoln State School on July 12, 1959. He had been an inmate since his admission on February 3, 1928, having the intelligence of an imbecile or an idiot. He could be trained but not educated. Wasson was quartered in the farm portion of the Lincoln State School, an area which is not fenced in any manner.

"On July 12, 1959, Wasson escaped from the Lincoln State School, and, while absent, caused damage to the electrical system, walls, windows, window glass, woodwork, water system, and the screens of a house owned by claimant, Carl Paulus, and situated in West Lincoln Township, Logan County, Illinois. The patient was apprehended at 6:30 P.M. on July 12, 1959 by the Lincoln police, and was returned to the institution.

"Claimant reported the damage to the officials of the Lincoln State School. He subsequently repaired the damage at a cost of $441.84. Officials of the Lincoln State School inspected the premises. On December 22, 1959, claimant presented his claim to respondent.

"Claimant contends that the State of Illinois was negligent in allowing the aforesaid patient to escape from the Lincoln State School, and that, therefore, claimant is entitled to a judgment in the amount of $441.84.

"It appears from the report of the Department of Public Welfare that Wasson showed a tendency to become disturbed once or twice in a year, at which times he damaged property. He had a record of five brief unauthorized absences in a seven year period, all without property damage. The Lincoln State School has a population of about 5,261 patients. It is not a security institution, and is not fenced. The patient Wasson had been determined medically eligible for privileges, and on July 12, 1959 was under supervision, but was not under detention. It appears that the patient was absent from his cottage at the time of the check at 5:50 A.M. on July 12, 1959. A search was made for him on the grounds of the institution by the personnel of the institution. When he could not be found on the

grounds, the institution notified the local police in Lincoln, and the State Police, who apprehended Wasson on Route No. 121, and returned him to the institution at 6:30 P.M. on the same date.

"Mr. Robert Endres, Chief of Safety and Protection at the Lincoln State School, testified that the patient in question had a known record of being absent from the Lincoln State School twice in 1954 and three times in 1959. It was further testifed that there was one attendant for each 125 to 150 patients, and that there were no guards at the gates of the approaches to the farm property. It appears that 11 men were responsible for the safety and security of all the patients of the Lincoln State School at both the town and farm units, and that the institution was understaffed. Endres testified on page 27 of the transcript that in his opinion there was insufficient supervision over the patient in question.

"In the opinion of this Commissioner, claimant should be awarded the sum of $441.84 for the damages to his property. Claimant has established that respondent was guilty of negligence in permitting the patient in question to escape. Therefore, respondent should reply in damages."

An award is, therefore, made to Carl Paulus in the amount of $441.84.