(No. 80-CC-1036—

HOWARD JOHNSON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1981.*

HOWARD JOHNSON, *pro se*, for Claimant.

ROE, C. J.

This claim arises under Ill. Rev. Stat. 1979, ch. 23, par. 4041, an act concerning damages caused by escaped inmates of institutions over which the State has control. The record indicates that on September 29, 1979, an inmate of the Vandalia Correctional Center escaped and went on a crime spree. After being apprehended about an hour and one half after the escape he was charged with commission of six felonies, including aggravated kidnapping, escape, unlawful restraint, criminal damage

to property and two counts each of burglary and theft over $150.00.

The incident involving the charge of criminal damage to property gave rise to the claim at bar. While driving a stolen car, the inmate went around a police barricade and left the road at Claimant's farm. In so doing he drove through an aluminum gate, six or eight fences, a hog lot, and a hedge row, and finally surrendered.

Claimant seeks compensation for the damages caused to his fence only. His bill of particulars includes a receipt for $202.81 for materials. He is also claiming $185.00 for the labor involved in the repairs. Although he has not documented the costs of labor with any receipts, the Court finds that $185.00 is a reasonable charge.

We have consistently held that the State is not strictly liable in a cause of action such as the instant one. *American States, Inc., et al. v. State*, 23 Ill. Ct. Cl. 47. Similarly, the State is not an insurer of actions involving escaped inmates. *Voll v. State*, 77-CC-1515 and 1516. In order for Claimant to recover, it must be shown that the State was negligent. *Paulus v. State*, 24 Ill. Ct. Cl. 215.

The departmental report issued by the Illinois Department of Corrections, which according to Rule 14 of the Rules of the Court of Claims is *prima facie* evidence of the facts set forth therein, establishes that at the time the damage occurred, the authorities were in hot pursuit of the recently escaped resident. While this was laudatory we do not think it relevant to the issues here. It need only be shown that the State was negligent in allowing the escape. On this issue the evidence shows that an internal investigation of the circumstances surrounding the escape revealed that: (1) the posted instructions as prescribed and revised in August of 1979 were not followed by Security Personnel even though they were accessible to

all, and (2) there was an insufficient number of Security Personnel available and/or present at the recreation yard to properly supervise residents entering the recreation area at the time of the escape.

We hold that under these circumstances the State has been shown to have been negligent in allowing the escape. It is hereby ordered that Claimant be, and hereby is, awarded the sum of $387.81 (three hundred eighty seven and 81/100 dollars) in full satisfaction of any and all claims arising out of this cause of action.